# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSEPH JODY DUPLICHAN, JR.** | : | **CIVIL ACTION NO. 2:10-cv-1642** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN, DIXON CORRECTIONAL CENTER** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. 2254 by petitioner, Joseph Jody Duplichan, Jr. The matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

### A. Background

On February 22, 2006, petitioner was convicted of two counts of indecent behavior with juveniles. He was sentenced on April 26, 2006 to serve seven years on each count and the sentences were ordered to be served consecutively. Doc. 1, p. 1–2.

Petitioner appealed his convictions and sentences to the Third Circuit Court of Appeals. Doc. 1, p. 2. He raised several grounds for relief, including that the evidence was insufficient to support his conviction, counsel was ineffective, and the sentence was excessive. Doc. 1, att. 3, p. 66–91.

Petitioner's conviction was affirmed on December 6, 2006. However, the court vacated the sentence because it was deficient in two respects. The trial court failed to specify that the sentences were to be served with or without hard labor and failed to inform plaintiff that he was

ineligible for diminution of sentence in accordance with La. Rev. Stat. 15:537(A).  The case was then remanded to the district court for resentencing.  *Louisiana v. Duplichan,* 945 So.2d 170 (La. App. 3 Cir. 2006); Doc. 1, att. 3, p. 44–65.  On December 11, 2007, petitioner was resentenced in accordance with the instructions of the appellate court.  Doc. 1, att. 2, p. 58–61.

On December 27, 2006, petitioner sought review in the Louisiana Supreme Court and writs were denied on September 28, 2007.  *Louisiana v. Duplichan*, 964 So.2d 351 (La. 2007). Petitioner did not seek further direct review with the United States Supreme Court.  Doc. 1, p. 3.

Petitioner filed an application for post-conviction relief in the state district court on April 2, 2008.  Doc. 1, p. 3.  An evidentiary hearing was held February 10, 2009, and, at its conclusion, the trial judge dismissed each of petitioner's claims.  Doc. 1, att. 2, p. 1–57.  On April 2, 2009, petitioner filed a writ application with the Louisiana Third Circuit Court of Appeals.  Doc. 1, att. 3, p. 25–43.  The court denied the application on August 19, 2009.  Doc. 1, att. 3, p. 24. Petitioner then filed an application for writs with the Louisiana Supreme Court on September 16, 2009.  Doc. 1, att. 3, p. 1–23; Doc. 1, p. 4.  On August 18, 2010, the Supreme Court denied the application.  *State ex rel. Duplichan v. State*, 42 So.3d 391 (La. 2010); Doc. 1, att. 2, p. 84.

Petitioner filed the instant application for federal habeas relief on October 26, 2010.  The State responded to the application on December 8, 2011, and petitioner traversed the response on December 19, 2011.

### B.  Legal Standard

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). Because the appellate court adjudicated petitioner's claims on the merits, this court reviews those

decisions under the deferential standard of 28 U.S.C. § 2254(d).  *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998).

Where the state court has reached the merits of a constitutional claim, a "writ of habeas corpus . . . shall not be granted with respect" to that claim "unless the adjudication of the claim" resulted in a decision that was either (1) contrary to clearly established federal law as interpreted by the Supreme Court or unreasonably applied that law, or (2) "based on an unreasonable determination of the facts in light of the evidence" before the state court.  28 U.S.C. § 2254(d).

Under the first standard, petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling Supreme Court standard.  *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam).  The decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Under the second standard, it is insufficient that a petitioner show that the state court erred; he must demonstrate that it was objectively unreasonable, which is a "substantially higher threshold."  *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).  "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."  *Wood v. Allen*, 130 S.Ct. 841, 849 (2010).  Rather, the petitioner must show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable.  *Rice v. Collins*, 546 U.S. 333, 341 (2006).

When a prisoner attacks the factual findings of a state court on habeas review, the state court's "determination of a factual issue . . . [is] presumed to be correct.  The applicant [has] the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. 2254(e)(1).

-3-

The deferential standards of review elucidated above are applicable on habeas review even when the state court did not provide reasons for its decision, so long as the state court adjudicated the claim on the merits. *Harrington*, 131 S. Ct. at 784, 785. In the absence of reasons or a written opinion, "a habeas court must determine what arguments or theories . . . could have supported[] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior [Supreme Court] decision . . . ." *Id.* at 786.

### C. Petitioner's Claims for Relief

Petitioner raises no less than five claims for relief, including: (1) the evidence was insufficient to sustain his conviction; (2) counsel was ineffective; (3) the sentence was excessive; and (4) the judge improperly commented on the case during voir dire. Each claim will be considered in turn.

#### 1. Sufficiency of the Evidence

Petitioner argues that the State failed to prove each element of the offense of indecent behavior with a juvenile beyond a reasonable doubt. He avers that the evidence, at most, shows that he is guilty of attempting to commit the crime. Doc. 8, p. 4.

A criminal conviction cannot be sustained "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Because petitioner was found guilty, the findings of the trial court are reviewed in the light most favorable to the prosecution. *Id.* at 307. Deference to the trier of fact is appropriate because the trier has undertaken the responsibility to "fairly [] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Petitioner was convicted on two counts of indecent behavior with juveniles.  The charging statute provides, in pertinent part, the following:

> Indecent behavior with juveniles is the commission of any of the following acts with the intention of arousing or gratifying the sexual desires of either person:
>
> (1) Any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons. Lack of knowledge of the child's age shall not be a defense[.]

La. Rev. Stat. § 14:81.

Petitioner advanced the same argument on direct appeal that he raises now.  The state appellate court considered the argument and rejected it on the merits.  On federal habeas review, the "question is whether the state court's application of the [*Jackson*] standard was unreasonable," *Harrington*, 131 S.Ct. at 785, or whether the state court's findings of fact were "so lacking in justification" that there could not be any "fair minded disagreement" about its correctness.  *Id.* at 784.

In his memorandum in support of the application, petitioner argues the crime of indecent behavior with juveniles was not proven beyond a reasonable doubt.  He cites several portions of the trial transcript and argues that they indicate that he never actually finished the crime.

Petitioner does not articulate how the state appellate court misapplied the *Jackson* standard.  In fact, it is clear from the state appellate opinion that it applied an analysis that faithfully articulated and applied *Jackson*.  *See State v. Duplichan*, 945 So.2d 170, 174–75 (La. App. 3 Cir. 2006).  Moreover, the state appellate court engaged in a lengthy review of the findings of fact that supported the conviction.  *See Id.* at 175–77.  Those findings of fact are presumed to be correct and petitioner has not shown otherwise by clear and convincing evidence. Therefore, this claim does not provide a basis for relief on habeas review.

### 2.  Claims of Ineffective Assistance of Counsel Raised on Direct Appeal

Claims of ineffective assistance of counsel are gauged by the guidelines set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner must demonstrate both (1) his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) the deficiency so prejudiced the defendant that it deprived him of a fair trial or of a dependable verdict.  *Id.* at 687.  This standard does not require perfect assistance by counsel; rather, petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness.  *Id.* at 687–88.  The deficient performance of counsel results in prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.

Petitioner raised the same claims of ineffective assistance of counsel to the state district court that he raises in the instant application.  Thus, at this stage "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

Petitioner advances at least three separate arguments of ineffective assistance.  The first two will be considered in turn.  The third claim pertains to the length of petitioner's sentence and will be considered later along with the underlying substantive claim for relief.

### (a) Failure to challenge admissibility of plaintiff's statement

Petitioner argues that his counsel was defective because she failed to object to the admissibility of a statement that he made shortly after he was brought into custody.  At trial an

officer testified that petitioner, when invoking his right to remain silent, said, "I'm not going to testify.  I'm not going to tell you anything because I could go to jail for a long time."  Doc. 1, att. 2, p. 48.  Petitioner argues that this statement was not admissible and that counsel's failure to object was prejudicial.

Petitioner raised this same issue on direct appeal.  The court rejected this claim on the ground that "even if [petitioner's] trial counsel was deficient pursuant to *Strickland*, it did not prejudice his case."  *State v. Duplichan*, 945 So.2d 170, 181 (La. App. 3 Cir. 2006).  That is, the statement would have been ruled admissible even if counsel had objected.  After a lengthy review of the record, the court found that petitioner "made the contested statement contemporaneously with his invocation of his right to remand silent."  *Id.* at 178.  Moreover, the statement was admissible as a "spontaneous utterance" because it was offered without solicitation.  It concluded that "the State's reference to [petitioner's] remark would pose no constitutional violation . . . ."  *Id.*

The state appellate court grappled with how to characterize petitioner's claim.  It cited prior state court decisions in support of its decision, and used the terms "contemporaneous" and "spontaneous utterance" to describe petitioner's statement.  Petitioner must demonstrate how this decision was contrary to or unreasonably applied clearly established law.

Essentially, petitioner claims that the *manner* in which he invoked his right to remain silent was inadmissible.  However, petitioner has not identified, and the undersigned has not located, any decision where the Supreme Court made such a pronouncement.

The Court in *Berghuis v. Thompkins* held, "Where the prosecution shows that a *Miranda* warning was given and that it was understood by the accused, an accused's uncoerced statement establishes an implied waiver of the right to remain silent."  130 S.Ct. 2250, 2262 (2010).  The

state appellate court's rationale comports with this holding insofar as the "contemporaneous" and "spontaneous utterance" reflected that petitioner understood his constitutional right to remain silent and it in the same breath.  As such, this claim does not entitle petition to relief on habeas review.

<strong>(b) Failure to challenge admissibility of Melissa Gautreaux's testimony</strong>

Petitioner claims that his counsel should have objected to the admissibility of the testimony of Melissa Gautreaux.  She testified that petitioner had inappropriately touched her as well when she was a child.  He also claims that counsel should have at least requested a special limiting instruction to the jury regarding the proper scope of the testimony. Doc. 8, p. 12.

Petitioner raised both claims on direct appeal, and the court rejected both on the merits. It rejected the first claim because the trial court held a separate hearing before trial on the admissibility of Gautreaux's testimony.  945 So.2d at 181.  In addressing the second claim, the court found that counsel was deficient. State law entitled petitioner to a limiting instruction, and counsel failed to make the proper request.  *Id.* at 182.  The court held, however, that this deficiency did not prejudice petitioner because the evidence against him was particularly strong. *Id.* at 183.

The first argument does not present a ground for relief on habeas review.  The state trial court held a hearing on the admissibility of the testimony, and certainly it would have been futile for counsel to object to its admissibility at trial in light of the pre-trial hearing.

Petitioner is not entitled to relief on the second claim.  The deficient performance of counsel results in prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  The

state appellate court considered the weight of the evidence against defendant, including the testimony of the victims, and found that even if the jury instruction had been provided, the verdict would have been the same.

It is incumbent on petitioner to demonstrate that the state appellate court's decision was contrary to or unreasonably applied the *Strickland* prejudice standard—that is, the decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). He has not made such a showing, and thus, this claim does not entitle petitioner to relief on habeas review.

### (c) Other Failures Related to Prior Bad Act Testimony

In his application for post-conviction relief, petitioner advanced a number of similar arguments. The crux of his complaint is that counsel did not expend enough time and resources to secure the exclusion and/or minimize the impact of the prior bad act testimony previously discussed. Petitioner says that his counsel failed to properly prepare for pre-trial hearings and trial in order to properly cross-examine witnesses and object to the prosecutor's references to petitioner's alleged "lustful disposition." Doc. 8, pp. 26–38.

The state court held a hearing on the application and afforded petitioner the opportunity to present testimony and evidence regarding the claim. The court considered the claims *en masse* and concluded that petitioner was not entitled to relief. Doc. 1, att. 2, p. 55. The court concluded that counsel's performance was not deficient and that, even if it was, petitioner was not prejudiced because the case was "relatively simple [and] boiled down to whether or not the jury believed the alleged victims . . . ." *Id.*

Petitioner reurges the same grounds of ineffective assistance in the instant application. Because the state district court denied the claims on the merits, petitioner is entitled to relief only if the state district court's decision was contrary to or unreasonably applied clearly established Supreme Court precedent.

The undersigned previously concluded that petitioner had not satisfied this burden in the context of counsel's failure to request a limiting instruction on the use of prior bad acts evidence. This situation is no different.  The state district court applied a two-part analysis that resembled the *Strickland* standard, and petitioner has not demonstrated, much less even argued, that the court's "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).  As such, this claim does not entitle petitioner to habeas relief.

**(d) Miscellaneous Issues**

Petitioner raises a number of other claims of ineffective assistance that are interspersed among his various assignments of error.  These claims include his belief that counsel should have investigated the direction of the moonlight on the night of the incident, should have objected when the prosecutor allegedly turned closing arguments into a plebiscite on crime, and that counsel should have reacted to several problems with the jury.[1]

---

[1] He makes a number of claims about the jury.  First, he says that counsel should have challenged a juror for cause because the juror apparently mentioned during voir dire that she would prefer the defendant to take the stand at trial because it would make it easier to weigh his guilt or innocence.  Second, he argues that counsel should have filed a motion to nullify the jury because another juror indicated that the jury had inappropriately discussed the case prior to deliberations.  Third, he says that an alternate juror should have been struck for cause because she knew Melissa Gautreaux.  Doc. 8, pp. 30–31.

Petitioner raised these same claims in his application for post-conviction relief.  The district court did not independently discuss each of these claims; rather, it collectively rejected petitioner's claims of ineffective assistance.[2]

These claims do not entitle petitioner to relief on habeas review.  As an initial matter, petitioner has not briefed any of these issues.  They are mentioned in passing and buried in his discussion of other claims for relief.  Petitioner does not explain the importance of these claims nor does he make sufficient reference to the state court record.  Moreover, he does not elucidate the most important part of the *Strickland* inquiry—how he was prejudiced by counsel's alleged ineffectiveness.

In any event, the district court rejected this claim for relief on the merits, and the analysis of subsections (b) and (c), *infra*, applies in this instance.  As such, these claims do not entitle petitioner to relief on habeas review.

### 3.  Excessive Sentence

Petitioner was found guilty of two counts of indecent behavior with juveniles, and the trial court sentenced petitioner to seven years on each count, with the sentences to run consecutively.  The appellate court vacated the sentence on direct appeal because of several errors patent.  Petitioner was later resentenced by the trial court to the same term of imprisonment but he was also informed that he would not be entitled to any diminution in sentence, parole, or probation, and that the sentence was to be served at hard labor.  The sentence imposed was the maximum authorized by law.

---

[2] The court considered one of the sub-claims regarding the jury separately.  Petitioner argued that a juror was biased because she knew Melissa Gautreaux.  The court held that petitioner could not demonstrate prejudice because the juror was empanelled as an alternate and did not participate in deliberations.

After petitioner was resentenced, the State filed a habitual offender bill.  The trial court vacated the original sentence and resentenced petitioner to twelve years on each count rather than seven years and subject to the same conditions as before.

In his instant application, petitioner claims that his sentence is cruel and unusual in contravention of the Eighth Amendment of U.S. Constitution.  He argues that "the actual acts [which the victims] allegedly experienced were relatively minimal compared to what occurred in other 'indecent behavior' cases" because there was no "genital touching," "exposure or overtly sexual acts."  Doc. 8, p. 17.  Petitioner also argues that his trial counsel was deficient because she failed to file a motion to reconsider the sentence imposed.

Petitioner raised these same claims for relief on direct appeal.  However, because the appellate court vacated the sentence imposed because of errors patent and remanded for resentencing, it concluded that the claims were moot.  Petitioner filed an application for writs with the Louisiana Supreme Court after his resentencing, but writs were denied.

The only time petitioner raised this claim, the issue was not ripe for review.  There is no indication that petitioner resubmitted this claim for relief to the proper court at the appropriate time.  He had the opportunity to reurge this assignment of error to the state appellate court after he was resentenced, and he had a second opportunity to urge this assignment of error after he was sentenced on the multiple offender bill.  Moreover, petitioner filed an application for post-conviction relief, but he did not raise this claim for relief.

An application for a writ of habeas corpus "shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State[.]"  28 U.S.C. 2254(b)(1)(A).  This exhaustion doctrine requires a petitioner to present all federal claims to the state court before requesting federal habeas relief.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.

1998). State court prisoners must afford "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The federal claims should be presented to state courts "in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For all intents and purposes, petitioner essentially raises this for the first time in the instant application. While it was raised on direct appeal, the court did not have the opportunity to explore the merits of the claim because it vacated his sentence on other grounds. He did not urge it as an assignment of error after either resentencing nor did he raise it in an application for post-conviction relief. The undersigned finds that petitioner has not exhausted his remedies available in state court, and thus, petitioner is not entitled to relief on this claim.

### 4. Commentary by the Trial Court Judge

Petitioner claims that the trial judge made an improper comment on the evidence during voir dire when the judge stated, "He did commit the offenses with two separate juveniles." Doc. 8, p. 20. Petitioner argues that this commentary was deprived him of due process and was improper under Louisiana law.

Petitioner urged the same argument in his application for post-conviction relief. The state district court held a hearing on the application. Petitioner explained at the hearing that the trial court should not have read the bill of information at voir dire without telling the jury that he was reading from the bill because it constitutes a comment on the evidence. Doc. 1, att. 2, pp. 9–10. The court rejected this claim for relief as follows:

> Okay. I understand what you're arguing, Mr. Duplichan, and your claim is noted. That is the normal order whenever the Court is giving a pre-charge. I said that you were before the Court based on an allegation that you did commit the following. The Court finds that that is not a comment on the evidence by the

> Court.  Also, the normal order of trial under the Louisiana Code of Criminal Procedure Article 765 requires that there be a reading of the indictment or information against the defendant.

Doc. 1, att. 2, p. 10.

The state district court considered this claim when petitioner sought post-conviction relief, and it denied the claim on the merits.  Thus, on habeas review, petitioner must demonstrate either (1) that the standard employed by the state court was contrary to clearly established federal law or unreasonably applied that law, or (2) the state district court made an unreasonable finding of fact in light of the record.

In his memorandum in support of the instant application, petitioner argues that he is entitled to relief by virtue of Louisiana jurisprudence; however, this is not a cognizable ground for relief on habeas review as a federal court is without power to review compliance with state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  If petitioner is entitled to relief on this claim, it must have a federal constitutional basis.

The state district judge concluded that he did not comment on the evidence of the case and that he was merely reading the bill of information to the jurors during voir dire.  Petitioner does not contest the findings of fact by the district court judge.  Rather, his claim pertains to the application of federal law.

Petitioner argues that the trial judge's alleged commentary violated petitioner's right to due process.  Petitioner must demonstrate that the Supreme Court has expressly held that a criminal defendant has a due process right to have the trial judge not read the bill of information without providing a disclaimer.  Plaintiff does not cite any cases specific to the question before the court, and the undersigned cannot find a case from the Supreme Court directly on point.  Thus, even if the right petitioner describes does exist, that right cannot provide a basis for relief

-14-

on habeas review because it has not been clearly established by the Supreme Court.  As such, this claim does not provide a basis for relief on habeas review.

### D.  Recommendation

For the reasons discussed herein, IT IS RECOMMENDED that the application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 27th day of July, 2013.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE